UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,

                                   CASE NO. 2:08-CR-20385
v.                                  JUDGE PAUL D. BORMAN
                                   MAGISTRATE JUDGE PAUL KOMIVES

WILLIAM JONES,

       Defendant/Movant
_____/

**REPORT AND RECOMMENDATION**

I.    <u>RECOMMENDATION</u>: The Court should construe defendant's request to withdraw his § 2255 motion as a notice of voluntary dismissal under FED. R. CIV. P. 41(a)(1)(A) and should deem the matter withdrawn.

II.    <u>REPORT</u>:

       Defendant/movant Williams Jones is a federal prisoner, currently confined at the Federal Correctional Institution in Fort Dix, New Jersey. On April 13, 2010, defendant filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. On June 1, 2010, defendant filed a letter with the Court asking to withdraw his § 2255 motion. The Court should construe this letter as a notice of voluntary dismissal, and deem the matter withdrawn.

       Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[t]he Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 12, 28 U.S.C. foll. § 2255. Because noting in § 2255 or its related rules governs voluntary withdrawal of a § 2255 motion, such withdrawals are governed by Federal Rule of Civil

Procedure 41. *See United States v. Lanfranca*, No. 93-1710, 1994 WL 242791, at *1 (5th Cir. May 18, 1994); *cf. Jackson v. United States*, 245 Fed. Appx. 258, 259 (4th Cir. 2007). Rule 41 provides, in relevant part:

> Subject to Rules 23(e), 23.1(c), 23.2, and 66, and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]

FED. R. CIV. P. 41(a)(1)(A). Such a dismissal is, with exceptions not applicable here, without prejudice. *See* FED. R. CIV. P. 41(a)(1)(B). Where Rule 41(a)(1)(A) is applicable–that is, where no answer or motion for summary judgment has been served by the opposing party, "[a] voluntary dismissal . . . is a matter of unconditional right and is self-executing, *i.e.*, it is effective at the moment the notice is filed with the clerk and no judicial approval is required." *Jackson*, 245 Fed. Appx. at 259; *see also*, *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999).

Here, the government has not filed any response to defendant's § 2255 motion. Although defendant did not caption his letter as a "Notice of Dismissal" or cite Rule 41(a)(1), the Rule does not provide a particular form of notice that is required, and *pro se* pleadings are entitled to a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). It is thus appropriate to treat defendant's letter request as a notice of voluntary dismissal under Rule 41(a)(1). *See Dodge v. Reid*, No. 08-cv-00974, 2008 WL 3895391, at *1 (D. Colo. Aug. 15, 2008); *cf. Rouse v. Caruso*, No. 06-10961, 2007 WL 909600, at *3 (E.D. Mich. Mar. 23, 2007) (Gadola, J., adopting recommendation of Komives, M.J.) (citing *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990)).

Accordingly, the Court should construe defendant's June 1, 2010, letter request to withdraw his § 2255 motion as a notice of voluntary dismissal under Rule 41(a)(1). As so construed, the

notice is self-executing, and the Court's role is limited to noting the dismissal on the docket. Defendant is cautioned that the limitations period set forth in § 2255 has not been tolled by the pendency of the current motion. *See Sadler v. United States*, No. 5:07-cv271, 2008 WL 816721 (N.D. Fla. Mar. 25, 2008).

III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES

Dated: 6/21/10             UNITED STATES MAGISTRATE JUDGE

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on June 21, 2010.
>
> s/Eddrey Butts
> Case Manager