UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,                              CRIM. CASE NO. 08-20385

v.                                         PAUL D. BORMAN
                                           UNITED STATES DISTRICT JUDGE

WILLIAM JONES,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S 28 U.S.C. §2255 MOTION TO REOPEN TIME TO APPEAL FROM SENTENCING: PETITIONER HAS 10 DAYS FROM TODAY, JUNE 4, 2012, TO FILE A NOTICE OF APPEAL FROM HIS SENTENCE**

Defendant seeks relief under 28 U.S.C. §2255 contending that after his sentencing, at which he was informed of his right to appeal by the Court, that he wanted to appeal, but his two retained lawyers failed to communicate with him to permit the timely filing of an appeal on his behalf.

Defendant argues that his attorneys' performance was deficient under the Sixth Amendment – that he was prejudiced as a result of his counsels' failure to implement his desire to appeal, under *Strickland v. Washington*, 466 U.S. 668, 694 (1984). *See Glover v. Palmer*, 2012 WL 618209 (6th Cir. 2012) Feb. 28, 2012.

Subsequent to *Glover v. Palmer, supra*, in a case again involving Petitioner Glover, but a different assault victim, the United States Court of Appeals noted:

> The Supreme Court has held that "when counsel's constitutionally defendant performance denying a defendant of an appeal that he

1

> otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). "[W]e . . . presume prejudice with no further showing from the defendant of the merits of his underlying claims when the violation of the right to counsel rendered the proceeding . . . entirely nonexistent. *Id.*

*Glover v. Birkett*, __F.3d__, 2012 WL 1889750 (6th Cir. 2012) Slip Op. P.2. This is the instant situation.

Having received dueling affidavits submitted by instant Petitioner Jones, and his former counsel as to what occurred after his sentencing re appeal, the Court held an evidentiary hearing on February 17, 2012. The Court heard testimony from Petitioner Jones and his co-counsel at sentencing.

Petitioner testified that one reason he plead guilty without a Rule 11 plea agreement, was to enable him to retain his right to appeal, Evidentiary Hearing TR. P.10. Potential appeal issues included drug quantity, role in the offense and safety valve sentencing issues.

Petitioner testified that counsel never came to talk to him after the sentencing, to carry out his desire to appeal, which he and counsel discussed when the Court, during his sentencing, applied a leadership role in determining the applicable guideline range. *Id.* P.15. He testified that he disagreed with that ruling, and that counsel responded that it would be appealed. *Id.*

One Counsel testified that he met with Petitioner after the sentencing, and that when he explained that by appealing, the Government could cross-appeal Petitioner's below-guideline sentence, Petitioner stated he would not appeal. *Id.* at P.40.

Further testimony at the hearing by former defense counsel was his post-sentence conversation with Petitioner was in the Courthouse Marshal's lockup. In response, Counsel for

2

Petitioner introduced evidence that counsel's name did not appear on the Marshal's attorney sign-in sheet for the lockup on the day of the sentencing.

The Court concludes that, in any event, Defendant's federal right to appeal was nullified by his attorney's failure to adequately consult with him after the sentencing to fully ascertain and implement his client's intent to appeal his sentence.

Accordingly, the Court grants Petitioner's §2255 motion as to an appeal, and will reset his sentencing date to today's date, June 4, 2012, and provide defendant with 10 days from today's date to file a notice of appeal.

SO ORDERED.

DATED: 6-4-12

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE